IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ESTER GREENFIELD, et al.** ] | |
| ] | |
| **Plaintiffs,** ] | |
| ] | |
| v. ] | 2:11-CV-4221-KOB |
| ] | |
| **ALLSTATE INDEMNITY COMPANY,** ] | |
| **et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION

This matter comes before the court on Plaintiffs' Motion to Remand (doc. 5). Defendants Allstate, John F. Saddler Agency, and John F. Saddler removed this case to federal court under the removal statute, 28 U.S.C. § 1441 *et seq.*, claiming that diversity jurisdiction exists under 28 U.S.C. § 1332. The plaintiffs' suit arises from an alleged theft that resulted in "almost all of the [p]laintiffs' entire home's contents" being taken. Pl. Compl. ¶ 5. Plaintiffs allege claims of breach of contract, bad faith refusal to pay, and fraudulent suppression against Defendant Allstate, and claims of breach of contract, negligence and/or wantonness, and fraudulent suppression against Defendants John F. Saddler and the John F. Saddler Agency. Even though Defendants John F. Saddler and the John F. Saddler Agency are Alabama residents, the defendants maintained that removal was proper because the resident defendants were fraudulently joined to create federal jurisdiction. The plaintiffs dispute that the defendants were fraudulently joined, and argue that, in any event, the defendants did not timely file their notice of removal.

1

The court received the defendants' notice of removal (doc. 1) on December 15, 2011, and on December 21, 2011 ordered the plaintiffs to show cause why the resident defendants should not be dismissed as fraudulently joined (doc. 3). The plaintiffs filed a motion to remand in response to the court's show cause order (doc. 5), to which only Defendant Allstate Indemnity Company responded (doc. 7). The plaintiffs, moving to remand under 28 U.S.C. § 1447, base their motion to remand on two grounds: (1) that the removal was untimely; and (2) that the resident defendants were not fraudulently joined as defendants in this case. The court has considered the parties' submissions and, for the reasons stated below, finds that the plaintiffs' motion to remand is due to be granted based on the defendants' failure to timely file a notice of removal.

**FACTS AND PROCEDURAL HISTORY**

On November 14, 2011, the plaintiffs served the defendants with the complaint. Under the procedure for removal of civil actions, stated in 28 U.S.C. § 1446, the defendants had thirty days from the date of service of the complaint to file a notice of removal with *this court*. That thirty day period began on November 15, 2011 and ended on December 14, 2011.

In response to the motion to remand, Defense counsel submitted a sworn affidavit from their legal assistant, Jennifer Williams, stating that she had electronically filed a notice of removal with this court at approximately 4:20 PM CST on December 14, 2011.[1] Ms. Williams further states that she left her office shortly after the alleged filing, and did not discover until the

---

[1] Although Allstate's response and opposition to the motion to remand claims that the Ms. Williams's affidavit stated that she had attempted to electronically file the notice of removal on *November* 14, 2011, this date directly contradicts the affidavit itself, where Ms. Williams states she attempted to electronically file on *December* 14, 2011. Because the notice of removal is shown on the docket sheet as filed on *December* 15, 2011, the court will use the dates mentioned in Ms. Williams's affidavit, and ignore the dates indicated in the body of Allstate's motion, which this court will assume were inadvertent typographical errors.

following morning of December 15, 2011 that she had not received a confirmation receipt from this court concerning the Notice of Removal. Ms. Williams states that immediately after this discovery, she contacted this court to inquire if it had received the notice of removal.  According to Ms. Williams's affidavit "[the court's clerk] advised me that the Court had not received any electronic filing by Allstate [on December 14, 2011] and instructed me to re-file the pleadings." Ms. Williams re-filed the notice of removal on December 15, 2011. Allstate acknowledges that this court did not receive a notice of removal on December 14, 2011. *See* Def. Opp. Mot. Remand at 3 ("That this court did not receive the [notice of removal] until [December 15, 2011] is not a result of any failure to timely present the [n]otice of [r]emoval."). Although the defendants did not file a notice of removal with this court until December 15, 2011, the defendants did file a notice of filing notice of removal with the Circuit Court of Jefferson County, Alabama on December 14, 2011.

In opposing the plaintiffs' motion to remand based on untimely removal, Allstate asserts that the failure of the electronic filing system "is not a result of any failure to timely present the Notice of Removal," but instead a "procedural defect" that does not defeat federal jurisdiction. Def. Opp. Mot. Remand at 3. Allstate also points to the defendants' filing of the notice of filing notice of removal in state court—which would put the plaintiffs on notice of the defendants' intent to file a notice of removal—as evidence that the defendants timely filed.

**DISCUSSION**

The procedure for removal of civil actions, stated in 28 U.S.C. § 1446, requires "defendants desiring to remove any civil action from a State court [to] file in the *district court of the United States* for the district and division within which such action is pending a notice of

3

removal . . . ." 28 U.S.C. § 1446(a) (emphasis added). The removal procedure further requires that "[t]he notice of removal of a civil action . . . be filed *within 30 days* after the receipt by the defendant . . . [of] a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b) (emphasis added). When interpreting a removal statute, this court should interpret the statute narrowly, with doubts resolved against removal. *Allen v. Chrsitenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003). Failure to comply with § 1446(b) renders removal defective and justifies remand. *Snapper v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999).

Based on narrow construction of the language of the statute, the defendants have not timely filed a notice of removal. The statute plainly requires a removing defendant to file notice of removal in the Northern District of Alabama within thirty days of receiving the complaint. Although the term "file" is not defined in the removal statute, the Supreme Court, when interpreting a different statute, explained that "[f]iling . . . is not complete until the document is delivered and received" and "[a] paper is filed when it is delivered to the proper official and by him received and filed." *United States v. Lombardo*, 241 U.S. 73, 76 (1916); *see also Stone St. Capital v. McDonald's Corp.*, 300 F. Supp. 2d 345, 347 (D. Md. 2003) (citing *Lombardo* and applying its definition of "filing" to 28 U.S.C. § 1446). The Supreme Court's definition of "file" in *Lombardo* accords with the Federal Rules of Civil Procedure, which explain that "[a] paper is filed by delivering it . . . to the clerk . . . ." Fed. R. Civ. P. 5(d). The court, therefore, concludes that the defendants failed to comply with the removal statute because the defendants did not ensure that the clerk had received the notice of removal within the statutory deadline. That the defendants timely filed a notice of filing notice of removal in state court does not alter this conclusion.

In arriving at this conclusion, the court was persuaded by an opinion from the district court of Maryland, *Stone Street Capital v. McDonald's Corp.*, 300 F. Supp. 2d 345 (D. Md. 2003), which the plaintiffs cited. Though not binding on this court, the *Stone Street Capital* decision bears striking resemblance to this case and this court found the opinion well reasoned. In *Stone Street Capital*, one of the defendants filed a notice of removal with the district court thirty one days after the plaintiff completed service. The defendant admitted that the district court's clerk did not receive the notice of removal within the statutory deadline, but nevertheless argued that a failed attempt at electronic filing the night before should constitute "filing" or at least allow for an extension of the deadline. *Stone St. Capital*, 300 F. Supp. 2d at 346–47. The court, citing *Lombardo* and 28 U.S.C. § 1446(b), held that the defendant had not filed within the thirty days prescribed by § 1446(b) and, accordingly, granted the plaintiff's motion to remand. *Stone St. Capital*, 300 F. Supp. 2d at 346.

Although Allstate did not have an opportunity to address *Stone Street Capital*, which the plaintiffs cited for the first time in their reply brief, Allstate offered no authority for its alternative interpretation that a notice of removal is "filed" when a defendant *attempts to file* the notice, regardless of whether it has been received by the clerk. Instead, Allstate argued by implication that the failure of the electronic filing was a procedural defect, and that "a procedural defect does not defeat federal jurisdiction." Def. Opp. Mot. Remand at 3 (citing *Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 (11th Cir. 1997) and *Covington v. Indem. Ins. Co. of N. Am.*, 251 F.2d 930 (5th Cir. 1958)).

Allstate is correct in stating that a procedural defects—including untimeliness of removal, *see In re Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324 (11th Cir. 1997)—do not defeat federal

5

jurisdiction. Moreover, procedural defects may be waived, in contrast to jurisdictional defects. *Cf Eagerton v. Valuations, Inc.*, 698 F.2d 1115, 1118 (11th Cir. 1983) (stating the "well established" principle that "subject matter jurisdiction cannot be waived or conferred on a court by consent of the parties"); *Peterson*, 124 F.3d at 1392 ("[R]emoval to the wrong federal district [in violation of 28 U.S.C. § 1441(a)] is a procedural defect subject to waiver."). In this case, however, the plaintiffs have not waived the procedural defect. Federal courts are justified in granting timely motions to remand. *See Peterson*, 124 F.3d at 1395. Therefore, the court is not persuaded that the fact that the defect may be "procedural" should prevent the court from granting plaintiffs' timely filed motion to remand.

Finally, the court notes that the outcome of the defendants' fraudulent joinder argument is moot because the court finds that the case is due to be remanded. Accordingly, the court will not address the parties' fraudulent joinder arguments. *See Maxwell v. E-Z-Go*, 2012 U.S. Dist. LEXIS 19502, at *17 n. 6 (M.D. Ala. Feb. 16, 2012) ("Because the Court has found that the removal is procedurally defective, *§ 1446(b)(3)*, the Court will not address Plaintiff's and Defendants' substantive contentions regarding the existence of subject matter jurisdiction.").

## **CONCLUSION**

Although Allstate attempts to blame the defendants' unsuccessful eleventh hour filing on the court's electronic filing system, the removal statute does not state that a defendant "shall file *or attempt to file* in the district court of the United States" or that "notice of removal . . . shall be filed *or attempted to be filed* within 30 days." Instead, the removal statute states that a defendant "*shall file* in the district court of the United States" and that "notice of removal . . . *shall be filed* within 30 days . . . ." 28 U.S.C. § 1446. The defendants failed to do so because they did not

...

ensure that the clerk had received the notice of removal within the statutory time limit. While the failure to timely file is not a jurisdictional defect, and may be waived, the plaintiffs in this case did not waive the defect. Because failure to comply with § 1446(b) makes removal defective and justifies remand, the court GRANTS Plaintiffs' motion to remand, and REMANDS this case to state court for further proceedings. The court will simultaneously enter an order to that effect.

   DONE and ORDERED this 13th day of June, 2012.

                                   _____
                                   KARON OWEN BOWDRE
                                   UNITED STATES DISTRICT JUDGE